STATE v. JOHN INGRAM.

*Proceeding in Bastardy.*

The act of 1879, ch. 92, does not apply to proceedings pending at the date of its ratification; hence in a bastardy proceeding pending in 1878 and tried in 1881, the superior court was not restricted to the fine imposed by that act upon a defendant against whom the issue was found.

(*State* v. *Lee*, 7 Ired., 265; *State* v. *Ledbetter*, 4 Ired., 245; *State* v. *Carson*, 2 Dev. & Bat., 368; *State* v. *Robeson*, 2 Ired., 46, cited and approved.)

PROCEEDING in bastardy tried at Spring Term, 1881, of HENDERSON Superior Court, before *Bennett, J.*

The jury found that the defendant was the father of the child, and thereupon the court adjudged that an allowance

of the two hundred dollars be made for its support and maintenance to be paid by the defendant in certain instalments, and that he give bond in the sum of three hundred dollars to keep the child from becoming a public charge. From this judgment the defendant appealed.

*Attorney General,* for the State.
, No counsel for defendant.

ASHE, J. As ∾o bill of exceptions accompanies the transcript, we are unable to discover from the record upon what ground the appeal is taken. Possibly the counsel for the defendant may have supposed there was error in the judgment rendered, in making an allowance of two hundred dollars for the support of the child, and that the court was restricted by the act of 1879, ch. 92, to an allowance of fifty dollars, and ten dollars to the use of the school fund. But there was no error in the judgment.

This case has been pending in the superior court of Henderson county since fall term, 1878, (as appears by the record) and although the act of 1879 does provide that the allowance made to women in bastardy proceedings, when the putative father admits the paternity of the child or the issue has been found against him, shall in no case exceed fifty dollars, and a fine of ten dollars which shall go to the school fund, yet in the 12th section of the act, it is provided " that this act shall not apply to proceedings now pending in the superior, criminal, or inferior courts." The verdict of the jury upon the issue in this case constitutes evidence of the paternity, legally complete, and upon the finding the defendant stands, by force of the statute, charged with the maintenance of the child, and all the court can do is to pass the prescribed or· ers. See *State* v. *Lee,* 7 Ired., 265 ; *State* v. *Ledbetter,* 4 Ired., 245 ; *State* v. *Carson,* 2 Dev. & Bat., 368. If the defendant wished to avail himself of any de-

fects in the warrant or other proceedings before the magistrate, he should have made his objection *in limine* before tendering an issue upon the matter charged. By tendering the issue he waived all objection to defects in the preliminary proceedings. *State* v. *Robeson,* 2 Ired., 46.

There is no error. Let this be certified, &c.

No error.                                    Affirmed.